UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

----------------------------------------------------------------------X

CHRISTA FREDRICKSON,

*Plaintiff,*

COMPLAINT

*-against-*

Civ. No.:

COSTCO WHOLSESALE CORPORATION
And WESTFIELD OUTDOOR, INC,
d/b/a TIMBER RIDGE,

*Defendants.*

----------------------------------------------------------------------X

Plaintiff **CHRISTA FREDRICKSON**, by her attorney, **DANIEL M.**

**BAUSO, ESQ.**, complaining of the defendant, as and for her Complaint, pursuant

to Fed. R. Civ. P. 15 (a)(1)(B), does hereby allege and swear:

## JURISDICTION

1.  Jurisdiction is based upon 28 U.S.C. Section 1332

## JURY DEMAND

2.  Plaintiff hereby demands a jury for all issues at the trial of this

action.

## THE PARTIES

3.  At all times hereinafter mentioned, Plaintiff was and is a resident of the State of Connecticut.

4.  That at all relevant times, defendant COSTCO WHOLSESALE CORPORATION (hereinafter "COSTCO") was, and is a foreign municipal corporation, with its principal offices and residence located within the State of Washington and/or contracted within the State of Connecticut to supply goods and/or services.

5.  That at all relevant times, defendant Costco committed tortious acts within the State of Connecticut, and such acts do not give rise to a cause of action for defamation of character.

6.  That at all relevant times, defendant, Costco committed tortious acts without the State of Connecticut, causing injury to Plaintiff within the State of Connecticut, and such acts do not give rise to a cause of action for defamation of character, but such acts arose due to defendant, Costco, behavior as set forth below:

> (i) Defendant Costco regularly did or solicited business, or engaged in any other persistent course of conduct, or derived substantial revenue from goods used or consumed or services rendered, in the State of Connecticut,
>
> and/or

(ii) Defendant Costco expected or should have reasonably expected the acts to have consequences in the State of CONNECTICUT and derived substantial revenue from Interstate or international commerce.

7. Defendant Costco owns, uses and/or possesses real property and/or facilities situated within the State of Connecticut.

8. That at all relevant times, defendant WESTFIELD OUTDOOR, INC., (hereinafter "Westfield") was, and is a foreign municipal corporation, with its principal offices and residence located within the State of Indiana and/or contracted within the State of Connecticut to supply goods and/or services.

9. That at all relevant times, defendant Westfield committed tortious acts within the State of Connecticut, and such acts do not give rise to a cause of action for defamation of character.

10. That at all relevant times, defendant, Westfield committed tortious acts without the State of Connecticut, causing injury to Plaintiff within the State of Connecticut, and such acts do not give rise to a cause of action for defamation of character, but such acts arose due to defendant, Westfield, behavior as set forth below:

(i) Defendant Westfield regularly did or solicited business, or engaged in any other persistent course of conduct, or derived substantial revenue from goods used or consumed or services rendered, in the State of Connecticut,

and/or

(ii) Defendant Westfield expected or should have reasonably expected the acts to have consequences in the State of CONNECTICUT and derived substantial revenue from Interstate or international commerce.

11. Defendant Westfield owns, uses and/or possesses real property and/or facilities situated within the State of Connecticut.

## **RELEVANT FACTS**

12. Plaintiff repeats and reiterates each and every allegation as set forth in paragraphs "1" through "11" as if same were set forth herein.

13. That at all relevant times, defendant Costco owns a nationwide chain of facilities and/or stores, whereby they operate market/store/retail locations engaged in the sale of various goods and services, including food, electronics, furniture, etc.

14. That at all relevant times, defendant Costco sells memberships to members of the public permitting said public to enter the aforementioned stores and purchase goods and services from Costco.

15. That Costco regularly displays various products on the floor and/or showroom of its stores for sale to its member/customers.

16.  That at all relevant times, defendant owned, operated, controlled, managed, maintained a store/facility as aforementioned located at 779 Connecticut Avenue, Norwalk, Connecticut ("the subject location").

17.  That at all relevant times, plaintiff was and is a member of defendant Costco, and was permitted to enter the subject location to purchase goods and/or services thereon.

18.  That at all relevant times, defendant Westfield was engaged in the business of manufacture, distribution and sale of outdoor camping equipment under the trade or business name, "Timber Ridge".

19.  That at all relevant times, defendant Costco purchased from Westfield and sold to its customer/members various Westfield's Timber Ridge products, including a product identified and sold as a "Timber Ridge Zero Gravity Chair" ("the subject chair"); with such products and the subject chair being offered for sale at the subject location.

20.  That on June 26, 2023, defendant Costco created a display on the floor and/or showroom of the subject location featuring the subject chair, which was for sale to its member/customers.

21.  That on June 26, 2023, defendant Costco's display featuring the subject chair, was arranged in a manner to invite defendant Costco's member/customers to sit in and use the chair, prior to purchase.

22. That on June 26, 2023, defendant Costco's display featuring the subject chair, was arranged in a manner which did not prohibit or prevent defendant Costco's member/customers from sitting in and using the chair, prior to purchase.

23. That at all relevant times, defendant Westfield designed the subject chair.

24. That at all relevant times, defendant Westfield manufactured the subject chair.

25. That at all relevant times, defendant Westfield assembled, packaged, sold, distributed and shipped the subject chair to defendant Costco for re-sale by defendant Costco to its member/customers.

26. That at all relevant times, the subject chair was defectively designed by defendant Westfield.

27. That at all relevant times, the subject chair was defectively manufactured by defendant Westfield.

28. That at all relevant times, the subject chair was defectively assembled, packaged, sold, distributed and shipped by defendant Westfield.

29. That at all relevant times, defendants Costco and/or Westfield negligently and carelessly assembled, displayed and arranged the subject chair, with no warnings as to its use or latent defects.

30. That on June 26, 2023, plaintiff was present at the subject location pursuant to her Costco membership and did attempt to sit in and use the subject chair which was on display for sale.

31. That on June 26, 2023, plaintiff was caused to fall and injure herself when the subject chair malfunctioned, broke, disassembled and/or collapsed as plaintiff sat in the subject chair.

## PLAINTIFF'S CAUSES OF ACTION

### First Cause of Action – Product Liability – Design Defect

32. Plaintiff repeats and reiterates each and every allegation as set forth in paragraphs "1" through "31" as if same were set forth herein.

33. Under all applicable laws, defendants, their agents, servants, etc., owed a duty of care to the plaintiff in the design of the subject chair.

34. The defendants breached their duty as aforesaid and failed to properly design the subject chair.

35. The subject chair had design defects which were latent and undiscoverable.

36. The aforementioned design defects were the actual and proximate

cause of the plaintiff's injuries, with no culpability owing to the plaintiff.

37. That as a result of the aforesaid, plaintiff suffered serious and severe personal, physical, emotional and psychological damages and injuries as set forth above.

38. That the defendants' breaches, acts, omissions as aforesaid constituted a breach of Connecticut common law and statutory law; to wit: Connecticut Code, Title 52, Ch. 925 Sec. 52-572m.

39. Accordingly, plaintiff demands judgment against defendants, upon the first cause of action in the amount of ONE MILLION (1,000,000.00) DOLLARS, along with costs and disbursements of this action, and other such relief as to the Court seems just and proper.

**Second Cause of Action – Product Liability – Manufacturing Defect**

40. Plaintiff repeats and reiterates each and every allegation as set forth in paragraphs "1" through "39" as if same were set forth herein.

41. Under all applicable laws, defendants, their agents, servants, etc., owed a duty of care to the plaintiff in the manufacture and assembly of the subject chair.

42. The defendants breached their duty as aforesaid and failed to properly manufacture and assemble the subject chair.

43. The subject chair had manufacture and assembly defects which were latent and undiscoverable.

44. The aforementioned manufacture and assembly defects were the actual and proximate cause of the plaintiff's injuries, with no culpability owing to the plaintiff.

45. That as a result of the aforesaid, plaintiff suffered serious and severe personal, physical, emotional and psychological damages and injuries as set forth above.

46. That the defendants' breaches, acts, omissions as aforesaid constituted a breach of Connecticut common law and statutory law; to wit: Connecticut Code, Title 52, Ch. 925 Sec. 52-572m.

47. Accordingly, plaintiff demands judgment against defendants, upon the second cause of action in the amount of ONE MILLION (1,000,000.00) DOLLARS, along with costs and disbursements of this action, and other such relief as to the Court seems just and proper.

## Third Cause of Action – Product Liability – Negligence

48. Plaintiff repeats and reiterates each and every allegation as set forth in paragraphs "1" through "47" as if same were set forth herein.

49. Under all applicable laws, defendants, their agents, servants, etc., owed a duty of care to the plaintiff in the display of the subject chair, including all proper and appropriate warnings.

50. The defendants breached their duty as aforesaid and failed to properly display the subject chair and provide proper and appropriate warnings,

51. The subject chair was defectively displayed without any or any proper warnings, which such defects were latent and undiscoverable.

52. The aforementioned defective display with lack of any or any proper warnings were the actual and proximate cause of the plaintiff's injuries, with no culpability owing to the plaintiff.

53. That as a result of the aforesaid, plaintiff suffered serious and severe personal, physical, emotional and psychological damages and injuries as set forth above.

54. That the defendants' breaches, acts, omissions as aforesaid constituted a breach of Connecticut common law and statutory law; to wit: Connecticut Code, Title 52, Ch. 925 Sec. 52-572m.

55. Accordingly, plaintiff demands judgment against defendants, upon the third cause of action in the amount of ONE MILLION (1,000,000.00) DOLLARS, along with costs and disbursements of this action, and other such relief as to the Court seems just and proper.

**Fourth Cause of Action – Negligence - General Negligence**

56. Plaintiff repeats and reiterates each and every allegation as set forth in paragraphs "1" through "55" as if same were set forth herein.

57. Under all applicable laws, defendants, their agents, servants, etc., owed a duty of care to the plaintiff in the display of the subject chair.

58. By their actions and omissions as aforesaid with respect to the defective conditions of the subject chair and display, as aforesaid, the defendants, their agents, servants, etc. breached the legal duty owed to the plaintiff, with no culpability owing to the plaintiff.

59. The actions, omissions and breaches with respect to the subject doors, as aforesaid, of the defendants, their agents, servants, etc. were the actual cause of the plaintiff's injuries as set forth above.

60. The actions, omissions and breaches with respect to the subject doors, as aforesaid of the defendants their agents, servants, etc. proximately caused

the plaintiff's injuries as set forth above.

61. That as a result of the aforesaid, plaintiff suffered serious and severe personal, physical, emotional and psychological damages and injuries as set forth above.

62. Accordingly, plaintiff demands judgment against defendants, upon the fourth cause of action in the amount of ONE MILLION 1,000,000.00) DOLLARS, along with costs and disbursements of this action, and other such relief as to the Court seems just and proper.

**Fifth Cause of Action – Breach of Warranty**

63. Plaintiff repeats and reiterates each and every allegation as set forth in paragraphs "1" through "62" as if same were set forth herein.

64. Under all applicable laws, defendants, their agents, servants, etc., owed a duty of care and warranty, both express and implied, of use and fitness with respect to the subject chair to the plaintiff.

65. The defendants breached their duty as aforesaid.

66. The subject chair was defectively designed, manufactured nad/or displayed without any or any proper warnings, which such defects were latent and undiscoverable and in breach of the subject chair's warranty of use and fitness.

67. The aforementioned breach of warranty was the actual and proximate cause of the plaintiff's injuries, with no culpability owing to the plaintiff.

68. That as a result of the aforesaid, plaintiff suffered serious and severe personal, physical, emotional and psychological damages and injuries as set forth above.

69. That the defendants' breaches, acts, omissions as aforesaid constituted a breach of Connecticut common law and statutory law; to wit: Connecticut Code, Title 52, Ch. 925 Sec. 52-572m.

70. Accordingly, plaintiff demands judgment against defendants, upon the third cause of action in the amount of ONE MILLION (1,000,000.00) DOLLARS, along with costs and disbursements of this action, and other such relief as to the Court seems just and proper.

WHEREFORE, Plaintiff **CHRISTA FREDRICKSON** demands final judgment, jointly and severally, against the defendants, on all causes of action as aforesaid, and herein, as follows:

*1)* On the first cause of action in the amount of ONE MILLION (1,000,000.00) DOLLARS;

*2)* On the second cause of action in the amount of ONE MILLION

(1,000,000.00) DOLLARS;

3) On the third cause of action in the amount of ONE MILLION

(1,000,000.00) DOLLARS;

4) On the fourth cause of action in the amount of ONE MILLION

(1,000,000.00) DOLLARS

5) On the fifth cause of action in the amount of ONE MILLION

(1,000,000.00) DOLLARS

6) Costs and disbursements of this action; and

7) For such other relief as to the Court may seem just and proper.

Dated: Queens, New York
      June 20, 2025

**CHRISTA FREDRICKSON
PLAINTIFF**

DANIEL M. BAUSO, ESQ. *Daniel M. Bauso*

NOTARY PUBLIC QUALIFIED IN QUEENS COUNTY

NO. 02BA6253318

COMMISSION EXPIERES 12/27/27

**DANIEL M. BAUSO, ESQ. (9566)**
*Attorney for Plaintiff*
**53 Hill Street
Southampton, New York 11968
Telephone: (631) 690-8984
BAUSOLAW@GMAIL.COM**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------------X

CHRISTA FREDRICKSON,

                                        *Plaintiff,*


        -against-                                       Civ. No.:


COSTCO WHOLSESALE CORPORATION and
WESTFIELD OUTDOOR, INC, d/b/a TIMBER RIDGE,

                                        *Defendants.*
---------------------------------------------------------------------X


## COMPLAINT


**Respectfully submitted,**

**DANIEL M. BAUSO, ESQ. (9566)**
*Attorney for Plaintiff*
**53 Hill Street**
**Southampton, New York 11968**
**Telephone: (631) 690-8984**
**BAUSOLAW@GMAIL.COM**